

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
OCT 3 0 2009
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

MARK COLSTON,

    Plaintiff,

v.

CASE NO. 2:09-CV-14163
HONORABLE STEPHEN J. MURPHY

TRISHA MCLEOD,

    Defendant.
_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before the Court is Plaintiff Mark Colston's *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The actions giving rise to the complaint occurred while he was confined at the Hiawatha Correctional Facility in Kincheloe, Michigan. Plaintiff asserts that the named defendant, Trisha McLeod, a former employee[1] at that facility, sexually harassed and sexually assaulted him, threatened him, made false allegations against him, and retaliated against him. Plaintiff sues her in her individual capacity and seeks monetary damages and injunctive relief.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a

---

[1] Plaintiff states that McLeod is no longer employed by the Michigan Department of Corrections but she currently lives in Brimley, Michigan.

1

substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. Defendant McLeod resides in Chippewa County and the events giving rise to the complaint occurred in Chippewa County as well. Chippewa County lies in the Northern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. 28 U.S.C. §§ 1391(b) and 1404(a).

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2009